**SO ORDERED.**

**SIGNED this 10 day of September, 2026.**

**John T. Laney, III**
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | **CHAPTER 11 SUBCHAPTER V** |
| **JUNIOR OLIVERA FITNESS, LLC,** | ) | **BANKRUPTCY** |
| | ) | |
| | ) | |
| **Debtor.** | ) | **CASE NO. 26-40287-JTL** |
| | ) | |

**MEMORANDUM OPINION ON THE TRUSTEE'S LIMITED OBJECTION TO CONFIRMATION**

The above-styled matter came before the Court on the confirmation of the plan filed by the Debtor, Junior Olivera Fitness, LLC, and the objection to confirmation filed by the United States Trustee. During the hearing, the plan was orally confirmed. The parties disagreed,

however, about under which code section confirmation is appropriate. Hr'g Held, Doc.68. The Court finds that the Debtor's plan must be confirmed under 11 U.S.C. § 1191(b).

## I. FACTUAL FINDINGS AND PROCEDURAL POSTURE

The Debtor filed this bankruptcy case on May 13, 2026, electing to proceed under Subsection V as a Chapter 11 debtor as a small business. Chapter 11 Pet., Doc. 1. The Debtor's Chapter 11 plan was filed the same day. Chapter 11 Plan, Doc. 2. Ballots were collected and a summary was submitted to the Court. Summ. of Ballots, Doc. 66. Two classes in the Debtor's plan are classified as impaired: Class 2 consisting solely of the Small Business Administration, the "SBA", and Class 3 consisting of the general unsecured creditors class. *Id*. Three ballots out of four ballots and over two thirds of the amount of debt in Class 3 accepted the plan. Class 2, the SBA, did not file a ballot. *Id*. The Debtor's ballot summary states that Class 2 is "deemed accepted." *Id*.

The Debtor asked to confirm the plan under § 1191(a) of the Bankruptcy Code. Summ. of Ballots, Doc. 66. The U.S. Trustee objected stating that Class 2's failure to file a ballot cannot be interpreted as an acceptance and the plan must be confirmed under § 1191(b). Trustee's Obj. to Confirmation, Doc. 67. The U.S. Trustee's objection was filed on August 5, 2026, the day before the hearing leaving the Debtor no time to respond. *Id*. The parties asked that the plan be confirmed during the hearing, but the parties be allowed time to brief the issue. Hr'g Held, Doc. 68. The Court agreed and confirmed the plan but took the matter of the appropriate code section for confirmation under advisement. *Id*. The Debtor submitted its reply brief on August 20, 2026, and the Trustee submitted his response on August 31, 2026. Resp. with Opp'n, Doc. 69; Trustee's Reply Br., Doc. 74.

## II. LEGAL ANALYSIS

The essence of this case is whether silence on behalf of a creditor may be deemed an acceptance for the purposes of confirmation. The Court finds that it cannot.[1]

A plan can be confirmed under § 1191(a) if "all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met." That includes § 1129(a)(8) which requires that every class of creditors either accepts the plan or is not impaired under the plan. Section 1191(b) allows for confirmation of a plan without meeting the consent requirement of § 1129(a)(8).

The Debtor argues that the Court can consider the SBA's silence as an acceptance of the plan in accordance with § 1191(a). Summ. of Ballots, Doc. 66. The United States Trustee's office disagrees. Trustee's Obj. to Confirmation, Doc. 67.

The Court looks initially to the plain language of the statute. Section 1129(a)(8) states, each class has either "accepted the plan" or "such class is not impaired under the plan." Since the SBA is impaired by the plan, the Court only considers what "accepted the plan" means.

Black's Law Dictionary defines acceptance as, in part, an "offeree's assent, either by express act or by implication from conduct to the terms of an offer in a manner authorized or requested by the offeror, so that a binding contract is formed." *Acceptance, Black's Law Dictionary* (12th ed. 2024). "Ordinarily, silence does not give rise to an acceptance of an offer." *Id*.

The requirement of some affirmative action to signify acceptance is in keeping with the other provisions of the Bankruptcy Code and Rules. Section 1126(f) allows narrow

[1] This finding, however, makes no determination as to the possibility of the termination of the services of the Subchapter V Trustee.

circumstances in which a class is presumed to have accepted the plan without having to submit a ballot. The Code does not create any other category of parties having deemed accepted a plan.

Similarly, Bankruptcy Rule 3018(c) requires that acceptances or rejections be in writing. On December 1, 2026, absent congressional action, the Rule will be amended to allow statements on the record to be sufficient to signify acceptance or a rejection. This forthcoming amendment follows the case law cited by the Debtor that relies on assumptions about congressional intent and its preference for consensual plans. *See e.g. In re 5 Star Home Care, Inc.,* No. CV 25-04786-EG, 2026 WL 1127906, at *10 (Bankr. D.S.C. Apr. 24, 2026). Had Congress believed, following the cases on this issue, that a non-vote should be treated as accepted, its upcoming amendment would have addressed this deficiency. It does not. Therefore, Congress's decision to expand the Rule's permitted modes of voting on a plan while not indicating a non-vote would be deemed accepted indicates to this Court that it is not the congressional intent to allow it so.

## III. CONCLUSION

The Court, therefore, finds that the Debtor's plan must be confirmed under § 1191(b). The Court requests the Debtor upload an order accordingly.

END OF DOCUMENT